Yang & Wang, P.C.
Tommy SF Wang SBN: 272409
Andrew J. Wei SBN: 293787
355 S. Grand Ave., Ste. #2450
Los Angeles, CA 90071
Telephone: (888) 827-8880
Fax: (888) 827-8880
Email: twang@yangwanglaw.com; awei@yangwanglaw.com

Attorneys for Plaintiff
JAT Wheels, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAT Wheels, Inc., a California Corporation d/b/a/ STR Racing,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SPEC-1 RACING WHEELS INC, a Florida Corporation; and DOES 1-10, collectively,<br>　　　　　Defendant. | **Case No.: CV 14-4897-DMG (MANx)**<br><br>**COMPLAINT FOR:**<br>1. **FALSE DESIGNATION OF ORIGIN [15 U.S.C. §1125(a)/Lanham Act §43(a)].**<br>2. **FEDERAL TRADEMARK DILUTION [15 U.S.C. §1125(c)];**<br>3. **FEDERAL UNFAIR COMPETITION [15 U.S.C. §1125(a)];**<br>4. **CALIFORNIA COMMON LAW UNFAIR COMPETITION; and**<br>5. **CALIFORNIA UNFAIR COMPETITION (CALIFORNIA BUSINESS & PROFESSIONS CODES §17200, *et seq.*]**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff, JAT WHEELS, Inc. a California Corporation, d/b/a STR Racing (hereinafter "Plaintiff"), hereby files this Complaint against Defendant SPEC-1 Racing Wheels, Inc. (hereinafter "Defendant"), and DOES 1 to 10, and alleges as follows:

## INTRODUCTION

1. Plaintiff files this action to combat the willful sale of unlicensed and counterfeit products (hereinafter "Infringing Products") bearing the Plaintiff's exclusive Trademark. The Defendant is a corporation specializing in the sales of aftermarket automobile wheels.

2. Plaintiff seeks a Permanent Injunction, damages, costs, and attorneys' fees as authorized by the Lanham Act, California's common law, and California Business & Professions Code.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to trademarks).

4. On information and belief, Defendants are subject to personal jurisdiction in the Central District of California (the "District"), consistent with the principles of due process and the California Long Arm Statute, because Defendants offer their products for sale in this District, have transacted business in this District, have committed and/or induced acts of trademark dilution in this District, and/or have placed products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.

5. Further, this Court has jurisdiction over Plaintiff's California state statutory and common law claims pursuant to 28 U.S.C. § 1367.

6. Supplemental jurisdiction exists over Defendant because on information and belief, Defendant conducts business in California and in this judicial district, has purposefully availed itself to California and in this judicial district, or has otherwise availed itself of the privileges and protections of the law of the State of California, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

7. Venue is proper within the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and has caused damages to Plaintiff in this district.

**THE PARTIES**

8. Plaintiff, JAT WHEELS, INC., dba STR Racing, is a California corporation duly organized and existing under the laws of the State of California, and whose office is located at address 2107-D W. Commonwealth Ave. #392, Alhambra, California 91803.

9. Upon information and belief, Defendant, SPEC-1 RACING WHEELS, INC (hereinafter "Defendant"), is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Florida, having its principal place of business at 8419 Sunstate St., Tampa, FL 33634.

10. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named DOES 1-10, inclusive are unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

11. Plaintiff further alleges that Defendant and DOES 1-10, inclusive sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendant upon the causes of action hereinafter set forth.

12. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendant, and DOES 1-10, inclusive, and each of them, were the agents, servants, and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## FACTS

13. Plaintiff owns the exclusive rights to numerous trademarked properties.

14. Plaintiff owns and holds the exclusive rights, title, and interest to market and sell merchandise using the word marks "STR RACING" and "STR" (the "STR Trademarks" or "Trademarks").  Plaintiff has used these marks in commerce as early as January 1, 2012.  Plaintiff applied for a trademark registration for "STR RACING" on April 18, 2014 with the United States Patent and Trademark Office, bearing the serial number is 86256705. Plaintiff applied for a trademark registration for "STR" on October 16, 2012 with the United States Patent and Trademark Office, bearing the serial number is 85755088.  **Exhibit A.**

15. Plaintiff is entitled to recover from Defendant the damages suffered as a result of Defendant's unlawful acts.

16. Defendant uses the STR Trademarks in connection with its aftermarket automobile parts that are in direct competition with Plaintiff's aftermarket automobile parts. Defendant has used Plaintiff's trademark in its branding and advertising for such products and services, thereby competing unfairly with Plaintiff, and improperly trading on the goodwill established by Plaintiff. **Exhibit B.**

17. Defendant's activities have caused damages to Plaintiff by causing customer confusion as to the source of the STR Trademarks. In addition, Defendant's STR Trademarks has and continues to dilute Plaintiff's goodwill in its products and business that it has invested significant time and resources.

18. On information and belief, Defendant's use of the STR Trademarks is willful and deliberate, therefore entitling Plaintiff to enhanced damages and reasonable attorney fees and costs.

19. On information and belief, Defendant intends to continue their unlawful activity, and Plaintiff continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—unless Defendant is enjoined by this Court.

## COUNT I - FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)/Lanham Act §43(a)]

20. Plaintiff repeats and re-alleges, as set forth herein, the allegations contained in paragraphs 1 through 19 and brings the following claim for

false designation of origin pursuant to 15 U.S.C. § 1125(a) and the Lanham Act § 43(a) against the Defendant.

21. Defendant has used Plaintiff's STR Trademark in commerce in connection with its own goods, where use is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, association or approval of such goods.  **Exhibit B**.

22. By utilizing the Plaintiff's Trademark in its advertising for, and in connection with its products, Defendant has misrepresented and falsely described to the general public the origin and the source of the products offered for sale.  Further, it creates a likelihood of confusion, mistake or deception to the ultimate purchaser as to the source of the products.

23. For example, Defendant markets, conducts business, and publicly represents that the STR Trademark is associated or connected to the Defendant's business thereby creating a false designation of origin of Plaintiff's brand of goods and services.

24. The confusion, mistake, or deception referred to herein arises out of the aforementioned acts of Defendant and the acts of the Defendant constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a) and Section 43(a) of the Lanham Act.

25. Upon information and belief, the aforesaid acts of the Defendant were undertaken willfully with the intention of causing confusion, mistake or deception.  Plaintiff is entitled, pursuant to 15 U.S.C. § 1117, to recovery of: (1) Defendant's profits; (2) Plaintiff's damages, including lost profits; and (3) costs of the action. Plaintiff is further entitled to treble damages above the amount of actual damages in a sum not more than three times

1  the amount of actual damages. Defendant's intentional and deceitful

2  actions make this a case in which the Plaintiff is entitled to an award of

3  attorneys' fees.

4  26. By reason of the aforementioned acts by Defendant, Plaintiff has suffered

5  and will continue to suffer irreparable damage, in an amount to be

6  determined, which damage will continue unless and until enjoined by

7  Order of this Court.

8  **COUNT II - FEDERAL TRADEMARK DILUTION [15 U.S.C. §1125(c)]**

9  27. Plaintiff repeats and re-alleges, as if set forth herein, the allegations

10  contained in paragraphs 1 through 26 and brings the following claim for

11  trademark dilution pursuant to 15 U.S.C. § 1125(c) against the Defendant.

12  28. Plaintiff's STR Trademark is distinctive, well known and famous. STR

13  Wheels has secured sponsorships with well-known racing teams, and has

14  developed a reputation for manufacturing high performance racing wheels

15  at an affordable price.

16  29. Defendant is diluting the distinctiveness of Plaintiff's Trademark by

17  marketing and selling inferior goods bearing marks virtually identical or

18  confusingly similar to Plaintiff's Trademark. Upon information and belief,

19  Defendant has engaged in the conduct alleged in these claims, willfully

20  intending to trade on Plaintiff's reputation and/or to cause dilution of the

21  reputable and distinctive Trademark owned by Plaintiff.

22  30. Defendant markets, conducts business, and publicly represents that the

23  Trademark is associated or connected to the Defendant's business thereby

24  creating a false designation of origin of Plaintiff's' brand of goods and

25  services. Thus, Defendant's acts violate 15 U.S.C. §1125(c).

26

31. As a direct and proximate result of Defendant's trademark dilution, Plaintiff has and will continue to suffer damages to its business, reputation and good will, and the loss of royalties and profits that Plaintiff would have made but for Defendant's acts. Upon information and belief, Defendant's acts of infringement have also resulted in substantial profits for the Defendant. The amount of these damages will be proven at trial.

## COUNT III -FEDERAL UNFAIR COMPETITION [15 U.S.C. §1125(a)]

32. Plaintiff repeats and re-alleges, as set forth herein, the allegations contained in paragraphs 1 through 31 and brings the following claim for unfair competition pursuant to 15 U.S.C. § 1125(a) against the Defendant.

33. As a direct result of the Plaintiff's longstanding use, sales, advertising, and marketing, Plaintiff's Trademark has acquired a secondary and distinctive meaning among the public who have come to identify Plaintiff's Trademark with the Plaintiff and its respective products.

34. Plaintiff is informed and believes that thereon alleges that as early as May of 2014, Defendant has traded on and diluted Plaintiff's Trademark rights by marketing and selling goods bearing marks virtually identical or confusingly similar to the recognized and distinctive Trademark, owned by Plaintiff.

35. The Infringing Products and related merchandise that the Defendant has sold and distributed duplicates and appropriates Plaintiff's Trademark and deludes and confuses the public into believing that the Plaintiff approved, authorized, or sponsored the products and related merchandise sold, offered for sale, or distributed by the Defendant.

36. Defendant, by misappropriating and using the likenesses of Plaintiff's Trademark in connection with the sale of products and related merchandise, is misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their products. Defendant has caused such products to enter into interstate commerce willfully with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products are authorized or emanate from the Plaintiff.

37. Defendant's actions, as alleged herein, were and are likely to deceive the consuming public and therefore constitute unfair and fraudulent business practices in violation of 15 U.S.C. §1125(a).

38. Defendant's unlawful, unfair, and fraudulent business practices described above present a continuing threat to members of the public in that they are likely to be deceived by the origin and quality of Plaintiff's products.

39. Upon information and belief, Defendant's acts of unfair competition have resulted in substantial profits for the Defendant in an amount to be determined. Defendant's acts of unfair competition have also resulted in damages to Plaintiff by causing a diversion of sales from Plaintiff to Defendant, lost royalties and other damages resulting from irreparable harm to Plaintiff's goodwill. The exact amount of Plaintiff's damages is to be determined.

40. Plaintiff has also incurred costs and attorneys' fees to bring this action.

41. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff unless permanently enjoined.

**COUNT IV - CALIFORNIA COMMON LAW UNFAIR COMPETITION**

42. Plaintiff repeats and re-alleges, as set forth herein, the allegations contained in paragraphs 1 through 41 and brings the following claim for unfair competition pursuant to California's common law against the Defendant.

43. The Court has jurisdiction over this Cause pursuant to 28 U.S.C. § 1367.

44. By Defendant's acts alleged herein, the Defendant has engaged in unfair competition under the common law of the State of California.

45. Defendant has distributed and sold Infringing Products displaying the Trademark of the Plaintiff in California, thereby creating a false designation of origin of Plaintiff's brand of goods and unfairly competing with Plaintiff's business.

46. Upon information and belief, Defendant has knowingly and willfully misappropriated Plaintiff's Trademark in an effort to create the impression that the Defendant's counterfeit products are sanctioned by the Plaintiff and to misappropriate the goodwill associated with Plaintiff's Trademark, entitling Plaintiff to an award of exemplary damages and attorneys' fees.

47. The aforesaid acts of the Defendant have caused damage to Plaintiff, in an amount to be determined.

48. By reason of the acts of the Defendants alleged herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage, which damage will continue unless enjoined by Order of this Court.

**COUNT V - UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, *et seq.***

49. Plaintiff repeats and re-alleges, as set forth herein, the allegations contained in paragraphs 1 through 47 and brings the following claim for unfair competition pursuant to California Business and Professions Code §17200.

50. The Court has jurisdiction over this Cause pursuant to 26 U.S.C. § 1367.

51. By acts complained of herein, Defendant has engaged in unfair competition under Section 17200 of the Business and Professions Code of the State of California.

52. Defendant's use of the STR Trademark complained of herein constitutes deceptive and misleading advertising and is likely to, and is intended to, cause confusion to the purchasers and potential purchasers of the products.

53. Defendant markets, conducts business, and publicly represents that the Plaintiff's Trademark is associated or connected to the Defendant's business and thus creates a false designation of origin of Plaintiff's brand of goods and services.

54. Upon information and belief, the aforesaid acts of Defendant was undertaken willfully and with the intention of causing confusion, mistake and deception, entitling the Plaintiff to an award of exemplary damages and attorneys' fees.

55. The aforesaid acts of Defendant have caused damage to Plaintiff in an amount to be determined.

56. By reason of the acts of the Defendant alleged herein, Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's acts of unfair business practices alleged herein, is suffering

and will continue to suffer irreparable damage, which irreparable damage will continue unless enjoined by Order of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands entry of a judgment against the Defendant as follows:

1. The Defendant, its officers, agents, servants, employees, attorneys, and all those in active concert or participation with them be enjoined and restrained:

   a. From further using Plaintiff's STR Trademark or any other confusingly similar mark, in connection with the manufacture, sale, advertisement or promotion of any product or any other similar infringement of Plaintiff's Trademark rights, for products not originating from Plaintiff or authorized by Plaintiff;

   b. From diluting any of Plaintiff's Trademark or any other confusingly similar mark;

   c. From engaging in unfair competition by making and selling its products or otherwise using confusingly similar marks and designs, in such a way as to misrepresent the origin of any of the Defendant's products;

2. For an order requiring Defendant to deliver and be impounded during the pendency of this action all material in Defendant's possession, custody or control that include or incorporate products that infringe Plaintiff's STR Trademark rights, including but not limited to, any containers, packages, labels and advertisements in their possession or under their control

1    bearing any of Plaintiff's STR Trademark, or any simulation,

2    reproduction, counterfeit, copy, or colorable imitation thereof;

3    3.  Directing that the Defendant report to this Court within thirty (30) days

4    after a Permanent Injunction is entered to show its compliance with

5    paragraphs 1 and 2 above;

6    4.  For compensatory damages in an amount to be proven at trial;

7    5.  For all gains, profits and advantages derived by Defendant by its dilution

8    and misappropriation of Plaintiff's trademark rights;

9    6.  For punitive damages in an amount sufficient to punish Defendant for its

10   wrongful conduct and to deter others from engaging in similar conduct in

11   the future;

12   7.  For statutory damages as provided by law;

13   8.  For permanent injunction against Defendant, preventing Defendant from

14   any future usage of any identical or similarly confusing marks related to

15   Plaintiff's Trademark;

16   9.  Directing such other relief as the Court may deem appropriate to prevent

17   the trade and public, or individual members thereof, from gaining the

18   erroneous impression that the Plaintiff authorized or approved any

19   products manufactured, sold, or otherwise circulated or promoted by the

20   Defendant or that such products are in any way related to the Plaintiff;

21   10. For a judgment declaring that this case is exceptional and awarding to

22   the Plaintiff from the Defendant, as a result of the Defendant's sale of

23   Infringing Products bearing the Plaintiff's STR Trademark, three times

24   the Plaintiff's damages and three times the Defendant's profits, after an

25   accounting;

26

11. Awarding to the Plaintiff its reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. § 1117;

12. Awarding to the Plaintiff its costs in bringing this action; and

13. Awarding other such relief to the Plaintiff as this Court deems just.

DATE:  November 26, 2014                         BY:

                                                      /S/ Tommy SF Wang
                                                      _____
                                                      Tommy SF Wang
                                                      Yang & Wang P.C.

                                                      Attorney for Plaintiff
                                                      JAT Wheels, Inc.