# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 14-04898 JVS (MRWx)      Date   September 8, 2014

Title     JAT Wheels Inc. v. JNC Wheel Collection et al.

---

Present: The Honorable    James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Andrew Jason Wei       James Juo / Kenya Williams

**Proceedings:**   Defendant's Motion for Sanctions Under Rule 11 (Fld 8-6-14)

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court GRANTS the defendant's motion referenced above and rules in accordance with the tentative ruling as follows:**

Defendant JNC Wheel Collection ("JNC") moves for sanctions against Plaintiff JAT Wheels, Inc. d/b/a STR Racing ("STR") and its counsel Tommy Wang ("Wang") pursuant to Federal Rule of Civil Procedure 11. (Mot., Docket No. 15.) STR opposes the motion. (Opp'n, Docket No. 19.) JNC has replied. (Reply, Docket No. 21.) For the following reasons, the motion for sanctions is **GRANTED**.

## I. Background

STR and JNC are both distributors of automobile wheels. On June 24, 2014, STR filed suit against JNC, asserting claims for trademark infringement, trademark counterfeiting, false designation of origin, trademark dilution, unfair competition, copyright infringement, and patent infringement. (Compl., Docket No. 1.) These claims are based upon JNC's alleged sale of products that infringe STR's trademark and design patents and JNC's unauthorized use of STR's copyrighted photographs. (Id. ¶ 1.)

On August 6, 2014, JNC filed the present motion for sanctions against STR, arguing that the Court should impose sanctions upon STR because all of its claims are frivolous. (See generally Mot.) More specifically, STR seeks the dismissal of the

---
CV-90 (06/04)       **CIVIL MINUTES – GENERAL**       Page 1 of 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | CV 14-04898 JVS (MRWx) | | Date | September 8, 2014 |

| | |
|---|---|
| Title | JAT Wheels Inc. v. JNC Wheel Collection et al. |

Complaint and an award of attorneys' fees and expenses. (Id. 8-9.)

## II.    Legal Standard

Under Rule 11, sanctions may be imposed "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Estate of Blue v. County of Los Angeles , 120 F.3d 982, 985 (9th Cir. 1997). The cases warranting imposition of sanctions for frivolous actions are "rare and exceptional." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988). Sanctions imposed under Rule 11 shall be limited to what is sufficient to deter "repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2).  Rule 11 sanctions may include an award for "reasonable attorney's fees and other expenses directly resulting from the violation." Id. This Court has substantial discretion regarding the application of Rule 11 sanctions. Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 587 (1993).

When a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing." Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002); Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1299 (Fed. Cir. 2004.)

Procedurally, a motion for sanctions under Rule 11 must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). Fed. R. Civ. P. 11(c)(2). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. Id.

## III.    Discussion[1]

---

[1]As a threshold matter, STR argues that JNC failed to comply with the meet and confer requirement of Local Rule 7-3 before filing the present motion for sanctions. (Opp'n 2.) The Court concludes that the email exchange between counsel on July 7, 2014 and July 8, 2014 discussing the basis for the motion was sufficient to satisfy the meet and confer requirement of Local Rule 7-3. (See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 14-04898 JVS (MRWx) | Date | September 8, 2014 |

| | |
|---|---|
| Title | JAT Wheels Inc. v. JNC Wheel Collection et al. |

     JNC first argues that STR's assertion of patent infringement claims based upon its pending design patent application warrants the imposition of sanctions under Rule 11. (Mot. 5-6.) The Court agrees. The Federal Circuit has "interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." Q-Pharma, 360 F.3d at 1300-01. In its Complaint, STR alleges that it owns five different design patents, which were all "duly and properly issued by the U.S. Patent and Trademark Office on May 29, 2014." (Compl. ¶¶ 5, 55, 61, 67, 73, 79.) This is patently false. These alleged patents all refer to design patent applications that were submitted to the USPTO on May 29, 2014.[2] A claim for patent infringement requires a valid patent. STR's counsel should be familiar with this basic fact given that he represents himself as a registered patent attorney. (Wang Decl. ¶ 1; see also Juo Decl. ¶ 12 & Ex. K.) It was clearly objectively unreasonable for STR to assert infringement claims against JNC based upon pending patent applications.[3]

     Defendants also argue that STR's trademark and unfair competition claims are frivolous. (Mot. 6.) Defendants emphasize STR's allegation that it owns a valid registered STR trademark when in fact there has been no such registration issued. (Id.) The Complaint alleges that Plaintiff's STR Trademark has been registered with the USPTO under registration number 86256705 and that this registration is "in full force and effect." (Compl. ¶¶ 14, 25.) However, as noted by Defendants, this alleged registration is actually the number for the trademark registration application that was filed by STR on April 18, 2014. (Mot. 6; Juo Decl. ¶¶ 3-4 & Ex. B-C.) Plaintiffs do not dispute the fact that no federal registration of the STR mark has issued. (Opp'n 8.) As such, the Court agrees with JNC that STR's claims for trademark infringement and trademark counterfeiting

---

Juo Decl. Ex. D-E.)

    [2] The Complaint also falsely claims that copies of the allegedly issued design patents are attached to the Complaint as Exhibits A, C, E, G and I. (Compl. ¶ 55, 61, 67, 73, 79.) These exhibits are simply "electronic acknowledgment receipts" for STR's submitted design patent applications.

    [3] In its Opposition, STR attempts to justify its infringement claims by relying upon the priority provisions of the Hague Agreement Concerning International Registration of Industrial Designs. (Opp'n 6.) These provisions are irrelevant to STR's ability to assert infringement claims based upon pending design patent applications.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-04898 JVS (MRWx) | Date | September 8, 2014 |
|---|---|---|---|

| Title | JAT Wheels Inc. v. JNC Wheel Collection et al. |
|---|---|

under 15 U.S.C. § 1114 and § 1116 are clearly frivolous because both provisions only apply to registered trademarks.

JNC also argues that STR's other trademark and unfair competition claims violate Rule 11.[4] (Mot. 7.) JNC argues that these causes of action are rendered frivolous by STR's failure to disclose its pre-filing basis for these other trademark and unfair competition claims.[5] (Id.) More specifically, JNC faults STR for failing to substantively respond to an email sent by JNC's counsel on July 7, 2014 demanding the specific factual and legal basis for STR's other trademark and unfair competition claims. (Id.; Juo Decl. ¶¶ 5, 6 & Ex. D-E.) JNC infers from STR's failure to substantively respond to its email that STR has no objectively reasonable basis for its trademark and unfair competition causes of action. (Mot. 8.) In response, STR explains that Tim Luo ("Luo"), general manager of STR, had seen marketing material and eBay auctions of JNC using the STR trademark. (Luo Decl. ¶ 6.) Luo informed STR's counsel for the purpose of investigating whether JNC had infringed STR's rights. (Wang Decl. ¶ 3.) Following this discussion, STR's counsel visited JNC's website and eBay listings, yet much of the allegedly infringing material had since been taken down. (Wang Decl. ¶¶ 3, 4.) STR's counsel proceeded to file a Complaint against JNC following his discussion with Luo and his investigation into STR's claims.[6] (Id. ¶ 4.)While STR's counsel could have engaged in a

---

[4] STR has asserted claims for false designation of origin, federal trademark dilution, federal unfair competition, California common law unfair competition, and California Business and Professions Code § 17200.

[5] These causes of action do not require a federally registered trademark, therefore they are not rendered frivolous on the same basis as STR's claims under 15 U.S.C. § 1114 and § 1116.

[6] In its Reply, JNC argues that this pre-filing investigation is insufficient because counsel cannot merely rely upon the assertions of his client. (Reply 3-4.) JNC argues that sanctions are warranted because there is no indication that STR's counsel actually viewed the accused marketing materials and eBay auctions that allegedly infringed upon STR's trademark. (Id.) In support of this argument, JNC cites to two patent cases, in which counsel were sanctioned for failing to obtain a sample of the allegedly infringing devices in order to conduct a pre-filing infringement analysis. View Engineering Inc. v. Robotic Vision System, Inc., 208 F.3d 981, 895-97 (Fed. Cir. 2000); Judin v. United States, 110 F.3d 1070, 784-85 (Fed. Cir. 1997). These cases are distinguishable. First, the cases cited by JNC specifically involve the pre-filing investigation necessary prior to filing patent claims. Second, counsel in both of those cases failed to offer a satisfactory reason why they had failed to examine any of the accused devices. Here, following his discussions with Luo, STR's counsel did attempt to view the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 14-04898 JVS (MRWx)                     Date    September 8, 2014

Title        JAT Wheels Inc. v. JNC Wheel Collection et al.

more thorough pre-filing investigation of STR's trademark and unfair competition claims,[7] the Court concludes that STR has sufficiently demonstrated that a reasonable inquiry was conducted prior to the filing of these claims such that sanctions under Rule 11 are not warranted. Furthermore, the Court emphasizes that Rule 11 motions are not intended to test "the legal sufficiency or efficacy of the allegations in the pleadings; other motions are available for these purposes." Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments). The Court finds that a Rule 11 motion for sanctions is not the proper vehicle to take up JNC's concerns regarding the sufficiency of STR's additional trademark and unfair competition claims.

        Lastly, Defendants also contend that STR's copyright infringement claim is frivolous in light of STR's failure to plead copyright registration. (Mot. 7-8.) Defendants correctly assert that the copyright registration requirement of section 411(a) is a precondition to filing a claim for copyright infringement. See Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 (2010); L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 852 (9th Cir. 2012). While counsel should have made a more thorough investigation into STR's copyright infringement claim and should have realized that a valid copyright registration is required to assert a claim for copyright infringement, the Court does not find that Rule 11 sanctions are warranted on this basis. Notably, courts have held that as a matter of efficiency, "a failure to allege registration can be cured if the plaintiff registers the copyright and files an amended complaint including an allegation that the copyrighted work is registered." Zito v. Steeplechase Films, Inc., 267 F. Supp. 2d 1022, 1025 (N.D. Cal. 2003). Given that the error in pleading a copyright registration is easily curable, the Court is not inclined to impose sanctions based upon STR's failure to

---

allegedly infringing marketing materials and eBay prior to the filing of the Complaint but they had already been taken off of the internet. As such, the Court is not convinced that sanctions are warranted simply because STR's counsel never saw the allegedly infringing marketing materials and eBay auctions.

        [7] As noted by JNC's counsel at the June 8, 2014 hearing, most of the pre-filing investigation undertaken by STR's counsel related to the design patent claims asserted in the Complaint. For example, STR's counsel describes examining the JNC wheels for sale on eBay and on JNC's website and comparing them to the wheels sold by STR. (Opp'n 8-9.) Notably, this investigation into the design of JNC's wheels does not relate to the trademark claims and competition clams given that those claims are based upon the JNC's allegedly infringing use of the word mark "STR Racing," USPTO application no. 86256705. (See Compl. ¶¶ 14, 24-46, 84-108.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | CV 14-04898 JVS (MRWx) | | Date | September 8, 2014 |
| Title | JAT Wheels Inc. v. JNC Wheel Collection et al. | | | |

allege copyright registration as required by section 411(a). Furthermore, the Court finds that JNC's arguments concerning the factual and legal sufficiency of STR's copyright infringement claim is better suited for resolution by a motion to dismiss or motion for summary judgment.

Given the Court's conclusion that STR has violated Rule 11(b)(2) by asserting frivolous claims for design patent infringement and trademark infringement and counterfeiting under of 15 U.S.C. § 1114 and § 1116, the Court concludes that Rule 11 sanctions are appropriate. The Court hereby strikes the first, fifth, sixth, seventh, eighth, and ninth counts (Compl. ¶¶ 54-83) of the Complaint.[8] The Court also awards JNC its attorneys' fees and costs incurred in connection with brining the motion for sanctions. The Court directs that, within 20 days, JNC submit a declaration and supporting documentation (e.g., time entries and billing rates) to establish its fees and expenses in bringing the motion for sanctions. Given that only certain claims were stricken, JNC shall make a reasonable allocation to determine fees and costs associated with the successful portion of its motion.

In view of the fact that no fault appears on the part of STR, sanctions shall be paid by counsel.

## IV. Conclusion

For the foregoing reasons, the motion for sanctions is **GRANTED**.

IT IS SO ORDERED.

| | | : | 19 |
|---|---|---|---|
| | Initials of Preparer | kjt | |

---

[8] The Court notes that the eighth and ninth counts of the complaint are both incorrectly listed as "Count V."

# EXHIBIT A